United States District Court
Southern District of Texas
**ENTERED**
February 09, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MOTEN, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-315 |
| | § | |
| FMC TECHNOLOGIES, INC., | § | |
| | § | |
| Defendant. | § | |

## ORDER TRANSFERRING CASE

The Court has considered Defendant FMC Technologies, Inc.'s Unopposed Motion to Transfer Venue. Dkt. 14. Having considered the motion, submissions, and applicable law, the Court finds that the motion should be **GRANTED**.

Christopher Moten filed this FLSA lawsuit "'individually and on behalf of all current and former Installation Engineers and Well Service Engineers . . .who worked for Defendant FMC Technologies, Inc. . . . and were paid a salary plus job bonuses/day rates but did not receive overtime." Moten alleged that he and other putative class members "performed technical and routine manual labor-type job duties in the oilfield and offshore in the Gulf of Mexico," including within the Southern District of Texas. Defendant FMC Technologies, Inc. ("FMCTI") has now filed an unopposed motion to transfer venue to the Houston Division. FMCTI points out that its headquarters and offices are on the north side of Houston, over 60 miles from the Galveston courthouse; that much of the work at issue was performed in that office space in Houston and supervised by FMCTI employees who are all located in Houston; all of the relevant documents are in Houston; the likely witnesses are within the subpoena power of both the

Galveston and Houston Divisions; and this case is still in the early stages. Significantly, the motion to transfer is unopposed by the Plaintiff and counsel for the putative class members.

Section 1404(a) allows a district court to transfer a civil action "for the convenience of parties and witnesses, in the interest of justice ... to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). "The district court has broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). Courts must "weigh the relevant factors and decide whether, on balance, a transfer would serve 'the convenience of parties and witnesses' and otherwise promote 'the interest of justice.'" *Atlantic Marine Construction Company, Inc. v. United States Dist. Court for the Western Dist. of Texas*, ___ U.S. ____, ____, 134 S. Ct. 568, 581, 187 L.Ed. 2d 487 (2013). The Court finds that this case could have been brought within the Houston Division, and the Court further finds that the reasons stated in the motion warrant the transfer of this case.

Accordingly, the Court orders that this case be transferred to the Houston Division of the United States District Court for the Southern District of Texas.

SIGNED at Galveston, Texas, this 9th day of February, 2017.

George C. Hanks Jr.
United States District Judge